■ Sophie Malleret, Appellant, v Federal Express Corporation et al., Respondents, et al., Defendant. (And a Third-Party Action.) [957 NYS2d 10]—

Order, Supreme Court, New York County (George J. Silver, J.), entered June 14, 2011, which, insofar as appealed from, granted the cross motion of defendants Federal Express Corporation and Jeremy Carter for summary judgment dismiss-

ing so much of the complaint as asserted damages resulting from injuries sustained in the March 29, 2008 accident, unanimously reversed, on the law, without costs, and the cross motion denied.

On February 8, 2008, plaintiff pedestrian sustained injuries, including head trauma, as a result of being struck by defendants' truck. Subsequently, on March 29, 2008, plaintiff was again injured when, while visiting an art gallery, she became dizzy and fell from a seven-foot-high loft to the concrete floor below. The record shows that after being struck by defendants' vehicle, but prior to the March 2008 incident, plaintiff had suffered episodes of dizziness and disorientation.

The record presents a triable issue of fact as to whether plaintiff's conduct of ascending the loft despite having episodes of dizziness constituted a superseding cause of the ultimate injuries she sustained from the March 29, 2008 accident. It cannot be said, as a matter of law, that plaintiff's conduct was so reckless that it necessarily constituted the sole legal cause of her ultimate injuries, breaking the chain of causation from the first accident (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]; *cf. Tkeshelashvili v State of New York*, 18 NY3d 199, 206 [2011]). Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.